UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, <br><br> Petitioners, <br><br> -against- <br><br> ARBOR CONCRETE CORP., <br><br> Respondent. | 16 CV _____ <br><br> **PETITION TO CONFIRM AN ARBITRATION AWARD** |

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation, and the New York City District Council of Carpenters ("Petitioners" and/or the "Funds"), by and through their attorneys, Virginia & Ambinder, LLP, as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

**NATURE OF THE ACTION**

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and/or section 9 of the Federal Arbitration Act, 9 U.S.C § 9, to confirm and enforce an Arbitrator's Award rendered

pursuant to a collective bargaining agreement ("CBA") involving the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Arbor Concrete Corp. ("Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Petitioner New York City and Vicinity Carpenters Labor-Management Corporation (together, with the ERISA Funds and the Charity Fund, as the "Funds") is a New York not-for-profit corporation.

7. Petitioner Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Respondent.

8. Respondent is a corporation incorporated under the laws of the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent maintains its principal place of business at 1371 Church Street, Bohemia, New York 11716.

## THE ARBITRATION AWARD

9. Respondent was a member of the Association of Concrete Contractors of New York, Inc. ("ACCNY") beginning in or around July 2011. A document confirming Respondent's membership with the ACCNY is annexed hereto as **Exhibit A**.

10. As a member of the ACCNY, Respondent was bound to the collective bargaining agreement for heavy construction (the "CBA") between the ACCNY and New York District Council of Carpenters (the "Union"). A copy of the CBA is annexed hereto as **Exhibit B**.

11. The CBA requires Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union. *See* Exhibit B, Article XI, Section 1.

12. The CBA requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. *See* Exhibit B, Article XI, Section 9.

13. The CBA provides that "[s]hould any dispute or disagreement arise between the parties hereto, or between the Union and/or the Union Benefit Funds and any Employer-member signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute . . . ." Exhibit B, Article XI, Section 13.

14. The CBA provides that "[i]n the event that proceedings are instituted before an arbitrator . . . to collect delinquent contributions to Benefit Fund or Funds, and such arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under this Agreement and Declaration of Trust establishing such Fund(s)." Exhibit B, Article XI, Section 8(g).

15. The CBA provides that:

> In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgment of the court, and in lieu of any other liquidated damages, costs, attorney's fees and/or interest, the following:
>
> > (i) the unpaid contributions; plus
> > (ii) interest on the unpaid contributions determined at the prime rate of Citibank plus two (2.0%) percent; plus
> > (iii) an amount equal to the greater of --
> > > (1) the amount of the interest charges on the unpaid contributions as determined in (ii) above, or
> > > (2) liquidated damages of twenty (20%) percent of the amount of the unpaid contributions; plus
> >
> > (iv) reasonable attorney's fees and costs of the action; and
> > (v) such other legal or equitable relief as the court deems appropriate.

Exhibit B, Article XI, Section 8(f).

16. The Trustees of the Funds established a Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"). A copy of the Collection Policy is annexed hereto as **Exhibit C**. *See* Exhibit B, Article XI, Section 1.

17. The Collection Policy provides that:

> In the event that an employer refuses to permit a payroll review and/or audit upon request by the Fund Office or the Outside Accounting Firms, or if the employer refuses the Outside Accounting Firms access to pertinent records, the Outside Accounting Firms shall inform the Fund Office. The Fund Office shall notify the District Council of the employer's lack of cooperation. Except as otherwise provided in this Policy, the Fund Office shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each wee of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period.

Exhibit C, Section IV(12).

18. A dispute arose between the parties when the Funds attempted to conduct an audit of Respondent covering the period of September 30, 2012 through date, and Respondent refused to submit to the audit.

19. Pursuant to the CBA's arbitration clause, the Funds initiated arbitration before the designated arbitrator, Roger E. Maher. The Funds noticed said arbitration by having a Notice of Hearing sent to Respondent by regular and certified mail.

20. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated June 27, 2016, determining said dispute (the "Award"). A copy of the Award is annexed hereto as **Exhibit D**.

21.     The arbitrator found that Respondent is liable to the Funds in the amount of $1,326,649.82 consisting of an estimated principal deficiency of $998,086.82, interest of $126,545.64, liquidated damages of $199,617.36, court costs of $400, attorney's fee of $1,500, and arbitrator's fee of $500. *See* Exhibit D.

22.     The arbitrator also found that interest of 5.50% will accrue on the principal deficiency of the Award from the date of the issuance of the Award. *See* Exhibit D.

23.     As of the date of this Petition, Respondent has failed to pay any portion of the Award.

24.     The Award has not been vacated or modified and no application for such relief is currently pending.

25.     The Funds are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to both Article XI, Section 8(f)(iv) of the CBA and Section 502(g) of ERISA, 29 U.S.C. § 1132(g). *See* Exhibit B.

26.     The Collection Policy further states that "[a]ttorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spent by Collection Counsel in collection efforts . . . ." Exhibit C, Section V(6).

27.     Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as **Exhibit E**.

28.     I, Todd Dickerson ("TD" in the accompanying billing records), am a 2013 graduate of the University of Illinois College of Law.  In November 2015, I joined V&A as an associate.  In late May of 2016, I was promoted to the position of "Of Counsel."  I have regularly served as lead counsel for multiemployer employee benefit plans in ERISA litigation since joining V&A.

Before joining V&A, I regularly served as lead counsel in labor and employment lawsuits in both state and federal court. V&A billed my time at a rate of $300 per hour. *See* Exhibit E.

29. Alanna Sakovits ("AS" in the accompanying billing records), is a 2016 graduate of the City University of New York School of Law, and is a law clerk at V&A. Ms. Sakovits' primary practice area is wage and hour litigation. V&A billed Ms. Sakovits' time at a rate of $225 per hour for work performed in connection with this matter. *See* Exhibit E.

30. V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action. *See* Exhibit E.

31. All of the above-referenced rates are the result of negotiations between V&A and the Funds regarding the proper hourly rates to compensate V&A's attorneys and legal assistants for their services.

32. V&A's total billings in this matter amount to $1,547.50 reflecting 6.7 hours of work. *See* Exhibit E.

33. In addition, V&A will advance $70 in service fees in connection with this matter.

34. A Proposed Judgment is attached hereto as **Exhibit F.**

**WHEREFORE,** Petitioners respectfully request that this Court:

(1) Confirm the Award in all respects;

(2) Award judgment in favor of the Petitioners and against Respondent in the amount of $1,326,649.82 pursuant to the Award plus interest from the date of the Award through the date of judgment with interest to accrue at the rate of 5.50% from the date of the Award;

(3) Award judgment in favor of the Petitioners and against Respondent in the amount of $1,547.50 in attorneys' fees and $70 costs arising out of this petition;

(4) Award post-judgment interest at the statutory rate; and

  (5) Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York        Respectfully submitted,
    October 25, 2016

                **VIRGINIA & AMBINDER, LLP**

          By:    /s/
             Todd Dickerson, Esq.
             40 Broad Street, 7th Floor
             New York, New York 10004
             Telephone: (212) 943-9080
             Fax: (212) 943-9082
             *Attorneys for Petitioners*